**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LUCY F. DELORENZO, | DOCKET NUMBER |
| Appellant, | PH-0845-17-0311-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: February 1, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lucy F. DeLorenzo, Waterbury, Connecticut, pro se.

Jane Bancroft, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a reconsideration decision by the Office of Personnel Management (OPM) as untimely filed.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address the appellant's claim that she filed a timely appeal in April 2017, we AFFIRM the initial decision.

## BACKGROUND

¶2        On March 22, 2017, OPM issued a final decision letter concluding that the appellant was overpaid $97,065 in retirement annuity benefits.  Initial Appeal File (IAF), Tab 6.  OPM's letter also stated, in relevant part, that "an appeal must be filed within 30 calendar days after the date of this decision, or 30 days after receipt of this decision, whichever is later."  *Id.* at 5; *see* 5 C.F.R. § 1201.22(b). On June 12, 2017, the appellant filed an appeal to the Board challenging OPM's final decision.  IAF, Tab 1.  The administrative judge issued an order to show cause regarding the apparent untimeliness of the appeal.  IAF, Tab 7.  In response to the administrative judge's order to show cause, the appellant stated that she previously submitted a Board appeal in April 2017 via regular mail before she submitted her June 2017 appeal.  IAF, Tab 9.  The appellant also claimed she had proof of the April 2017 filing but that it was lost when her car "was totaled" on April 26, 2017.  *Id.*

¶3    On July 14, 2017, the administrative judge issued the initial decision, dismissing the appeal as untimely filed, without conducting a hearing.  IAF, Tab 10.  In his initial decision, the administrative judge did not acknowledge the appellant's claim that she first filed an appeal in April 2017 via a letter to the Board.  *Id*.

¶4    In her petition for review, the appellant argues that the administrative judge erred in dismissing her appeal as untimely filed because she submitted an appeal via regular mail to the Board in April 2017, but she does not know "how or why, it was never received."  Petition for Review (PFR) File, Tab 1.  On March 27, 2018, the Board issued an Order to Show Cause regarding the alleged April 2017 filing due to the lack of evidence in the record on this issue.  PFR File, Tab 5.  On April 3, 2018, the appellant submitted a response to the Order to Show Cause. PFR File, Tab 6.

## ANALYSIS

¶5    The issue on review in this case is whether the initial appeal was timely filed, and if not, whether the appellant established good cause for the untimely filing.  With exceptions not applicable here, the deadline for filing an appeal is 30 days after the effective date, if any, of the action being appealed, or 30 days after the receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  Here, OPM's final decision is dated March 22, 2017, and the appellant has not alleged any unusual delay in her receipt of the decision.  We therefore find that her June 12, 2017 appeal was untimely filed by approximately 7 weeks.

¶6    To the extent the appellant argues that she first filed her appeal with the Board in April 2017, we find that she has failed to establish that the appeal was timely filed.  It is well established that "when a party shows by preponderant evidence that a pleading was properly addressed to the Board with postage prepaid and placed in the U.S. Postal Service mail stream, it will be treated as

timely filed on the date it was placed in the [mail], regardless of whether the Board receives it." *Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198, 202 (1994). However, in the present case, the appellant merely asserts that she filed an initial appeal in April 2017, without any specific details regarding such submission. PFR File, Tab 1. Even when asked in the Board's Order to Show Cause to provide more details regarding the alleged April filing, the appellant failed to provide any documentation regarding the submission. PFR File, Tab 6. Instead, she merely asserts that she filed an appeal and that all of the filing documentation was lost when her car was totaled on April 26, 2017. *Id.* Therefore, we find that the appellant has failed to provide the "nature and quality of evidence generally required to establish proof that the petition . . . was timely placed in the mail stream." *Gaydon*, 62 M.S.P.R. at 202.

¶7      To the extent the appellant argues that there was good cause for the untimely June 2017 filing, we agree with the administrative judge that the appellant did not demonstrate good cause for the untimely filing. The Board will dismiss an untimely filed appeal unless the appellant shows good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, an appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The appellant's June 2017 filing is approximately 7 weeks beyond the deadline, which is not minimal even when, as here, the appellant is

proceeding pro se. *See Lambright v. Office of Personnel Management*, [114 M.S.P.R. 507](), ¶ 7 (2010). The appellant contends that the filing was delayed because of unfortunate life events, the loss of her car and death of her sister, which occurred shortly after the April 2017 deadline. IAF, Tab 9. However, events—no matter how unfortunate—that occur after the filing deadline do not show good cause for an untimely filing. *See Menchaca v. U.S. Postal Service*, [56 M.S.P.R. 479](), 483, *aff'd*, 11 F.3d 1073 (Fed. Cir 1993) (Table). Thus, we conclude that the appellant, notwithstanding her pro se status, has not shown good cause for the untimely filing.

¶8 We therefore find that the appellant's initial appeal was not timely filed, and she has failed to establish good cause for the filing delay.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](). You may obtain review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                _____
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.